# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER,<br><br>        Petitioner,<br><br>    v.<br><br>MARIPOSA COUNTY SUPERIOR COURT,<br><br>        Respondent. | Case No.  1:20-cv-00808-SKO (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>[30-DAY OBJECTION DEADLINE] |

   Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation at California Medical Facility located in Vacaville, California.  In this habeas petition, he challenges a disciplinary hearing held on August 21, 2019, in which he was found guilty of battery on a peace officer.  The Court has conducted a preliminary review of the petition and finds that it is clear that Petitioner is not entitled to habeas relief.  Therefore, the Court will recommend the petition be **SUMMARILY DISMISSED**.

**DISCUSSION**

A.    <u>Preliminary Review of Petition</u>

   Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

1

entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

B.   Facts[1]

On July 24, 2019, Correctional Officer O. Gonzalez was assisting Correctional Officer S. Higuera with medication pass release in Facility D, Building 8, Section B, of Kern Valley State Prison. At approximately 1719 hours, the control booth officer, Correctional Officer F. Veloria, opened Petitioner's cell. Petitioner became argumentative with Veloria and said, "You stupid motherfucker don't you know I take meds. Why am I the last one out? You need to stop fucking with me." Gonzalez noticed that Petitioner was agitated. Gonzalez and Higuera approached Petitioner, and Higuera asked Petitioner what his issue was. Petitioner said, "This stupid motherfucker knows I take meds and he takes long to open my fucking door." In order to deescalate the situation, Higuera instructed Petitioner to return to his cell. As he was returning to his cell, Petitioner demanded, "Why the fuck do I have to go back in?"

Higuera and Gonzalez walked behind Petitioner, and once Petitioner was standing in front of his cell, Gonzalez instructed Veloria to open the cell door. Once the cell door opened, Petitioner wheeled rapidly to his left and struck Gonzalez in the face with his right fist. Higuera responded by striking Petitioner with his right fist. Petitioner stumbled back into his cell, and Gonzalez ordered him to "Get down!" Petitioner then started advancing rapidly towards the officers cursing and with his fists clenched. Gonzalez then utilized his MK9 OC Pepper Spray toward Petitioner's face. The pepper spray struck Petitioner in the face, but it did not stop Petitioner from advancing on the officers. Petitioner continued advancing toward the officers with his eyes closed, swinging his arms with closed fists. Gonzalez continued to order Petitioner to "Get down!" but he did not comply and continued advancing. Gonzalez took a defensive

---

[1] The facts are derived from the Rules Violation Report and the Disciplinary Hearing Results attached by Petitioner to his petition. (Doc. 1 at 67-79.)

2

stance and raised his arms to protect his face from Petitioner's strikes. Petitioner struck Gonzalez on his left shoulder with his fist. Gonzalez responded by kicking Petitioner in his left thigh, but the kick had no effect. As Petitioner continued to advance, Gonzalez used Petitioner's forward momentum by grabbing Petitioner's shirt and pulling him to the ground. Higuera assisted Gonzalez in forcing Petitioner to the ground and placing him in restraints.

C.  <u>Procedural History</u>

On July 29, 2019, a Rules Violation Report was issued for battery on a peace officer. (Doc. 1 at 67.) On August 2, 2019, Petitioner was served with a copy of the Rules Violation Report, Incident Report, Medical Evaluation Report, and Mental Health Assessment Report. (Doc. 1 at 67.) On August 5, 2019, he was assigned a staff assistant. (Doc. 1 at 67.)

On August 21, 2019, a disciplinary hearing was conducted. (Doc. 1 at 67-73.) Petitioner entered a plea of not guilty, but declined to make a statement. (Doc. 1 at 71.) The hearing officer considered the reports of the officers involved, photographic evidence, and reports of the injuries sustained by the parties. (Doc. 1 at 72-73.) Upon consideration of the evidence, the hearing officer concluded that Petitioner was guilty of the charge of battery on a peace officer. (Doc. 1 at 71.) He was sanctioned with 150 days loss of credits. (Doc. 1 at 76.)

Petitioner filed several CDCR-602 administrative appeals and habeas petitions in the state courts including the California Supreme Court. All appeals and petitions were denied.

D.  <u>Proper Respondent</u>

Petitioner names the Mariposa County Superior Court as Respondent in this matter. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Generally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see also</u> <u>Stanley</u>, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360. Where a petitioner

is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

E. Due Process Rights in Prison Disciplinary Proceedings

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974). Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556. Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455 (citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).

Petitioner does not dispute that he received all procedural due process protections. Even if he did, it is clear from the exhibits attached to the petition that all due process requirements were met.

Nevertheless, Petitioner disputes the evidence and argues that he was actually the victim in this case. In Hill, the Supreme Court held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time

credits." Petitioner makes various arguments in support of his version of the events, but "[a]scertaining whether [the 'some evidence'] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56. In this case, there was clearly at least "some evidence" to support the decision. The reports of the officers involved, the photographic evidence, and the medical reports provide substantial evidence of Petitioner's guilt.

For the foregoing reasons, the Court finds that Petitioner fails to demonstrate that his due process rights were violated. Wolff, 418 U.S. at 564; Hill, 472 U.S. at 455. The petition should be denied.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District Judge to the case.

**RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that the habeas corpus petition be SUMMARILY DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 17, 2020**                             /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE